UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RANDALL L. WRIGHT,

    Plaintiff,

v.                                                                Case No. 8:10-CV-524-T-30EAJ

ELIZABETH A. SCANLAN,

    Defendant.
_____/

## **ORDER**

Plaintiff initiated this action *pro se* by filing a civil rights complaint (Dkt. 1), and a motion to proceed in this action *in forma pauperis* (Dkt. 2). Plaintiff names Elizabeth J. Scanlan, an Assistant State Attorney in Sarasota County, Florida, as defendant. He asserts that Defendant Scanlan has knowingly allowed perjury, failed to disclose evidence, and committed other acts of prosecutorial misconduct while prosecuting Plaintiff on criminal charges.

**Analysis**

Because Plaintiff seeks to proceed *in forma pauperis*, this Court is required to review Plaintiff's case to determine whether the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

A complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint filed *in forma pauperis* which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. *See id.* at 328. Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," *id*. at 327, or when the claims rely on factual allegations which are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Plaintiff sues the assistant state attorney who is prosecuting him. However, prosecutors are absolutely immune from liability in 42 U.S.C. § 1983 actions for prosecutorial actions that are intimately associated with the judicial phase of the criminal process. *Van de Kamp v. Goldstein*, 129 S. Ct. 855, 860 (2009) (citation omitted). "Likewise, prosecutors enjoy absolute immunity for the initiation and pursuit of criminal prosecution." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). "Prosecutors have absolute immunity when 'filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, refusing to investigate . . . complaints about the prison system, [and] threatening . . . further criminal prosecutions. . . .'" *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir.2009) (quoting *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979)). Therefore, Defendant Scanalan is absolutely immune from liability for the claims Plaintiff raises in his complaint.

The Court, in viewing the facts alleged in the complaint in the light most favorable to Plaintiff, concludes that no relief could be granted against Defendant under any set of facts

that could be proved consistent with the allegations in Plaintiff's complaint. *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1262 (11th Cir.2001) (citing *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)).

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's civil rights complaint (Dkt. 1) is **DISMISSED** as frivolous.

2. The Clerk is directed to terminate any pending motions and close the case.

**DONE** and **ORDERED** in Tampa, Florida on March 1, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*